UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

MICHAEL G. JONES, )
)
Petitioner, )
)
) No. 2:21-CV-23 NCC
)
DAN REDINGTON, )
)
Respondent. )

## MEMORANDUM AND ORDER

This matter is before the Court on pro se petitioner Michael G. Jones' application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition appears to be time-barred, and the Court will order petitioner to show cause why it should not be summarily dismissed.

### Background

On March 1, 2008, petitioner was charged with felony driving while intoxicated, as a chronic offender. *State v. Jones*, No. 08LW-CR000348 (39th Judicial Circuit, Lawrence County Court). Petitioner pled guilty to the charges, and on April 13, 2009, the trial court sentenced him to ten years' imprisonment. *State v. Jones*, No. 08LW-CR000348-01 (39th Judicial Circuit, Lawrence County Court). However, the court suspended the execution of the sentence and placed petitioner in a long-term treatment program for two years. Petitioner did not file a direct appeal of his original sentence or conviction. *Id.*

On January 9, 2015, the trial court found that petitioner had violated the conditions of his probation and ordered that it be suspended. After a hearing on the matter, the Court continued petitioner's probation as of July 6, 2015, subject to special conditions. On December 28, 2015, the trial court found that petitioner had violated the conditions of his probation and ordered once again

that it be suspended. After a hearing on the matter on October 3, 2018, the Court revoked petitioner's probation and sentenced him to ten years' imprisonment, said sentence to run concurrently with the sentence imposed in *State v. Jones*, No. 15LW-CR00057-01 (Lawrence County Court). *State v. Jones*, No. 08LW-CR000348-01 (39th Judicial Circuit, Lawrence County Court).[1] Petitioner failed to appeal the imposition of his original conviction at that time.

On May 9, 2008, petitioner was charged by complaint with felony driving while intoxicated, chronic offender. *State v. Jones*, No. 08N8-CR00771 (38th Judicial Circuit, Christian County Court). Petitioner pled guilty to the charges, and on June 19, 2009, the trial court sentenced him to six years' imprisonment, to run concurrently with his other outstanding sentences. *State v. Jones,* No. 08N8-CR00771-01 (38th Judicial Circuit, Christian County Court). However, the court suspended the execution of the sentence and placed petitioner in a long-term treatment program for two years. Petitioner did not file a direct appeal of his original sentence or conviction. *Id.*

On January 14, 2015, the trial court found that petitioner had violated the conditions of his probation and ordered that it be suspended. *State v. Jones,* No. 08N8-CR00771-01 (38th Judicial Circuit, Christian County Court). After a hearing on the matter, the Court continued petitioner's probation as of July 8, 2015, subject to special conditions.[2] On May 27, 2016, the trial court found that petitioner had violated the conditions of his probation and ordered that petitioner's probation

---

[1] The record indicates that the Court had difficulty scheduling a probation revocation hearing for petitioner, namely because the probation officer reported that petitioner was "avoiding supervision." A warrant was issued for petitioner's arrest in December of 2015 so that a revocation hearing could be held. The Court also suspended petitioner's probation in February of 2016. Petitioner was arrested on the warrant in September of 2018, and a public defender was assigned to petitioner. The Court provided the public defender time to prepare for the hearing, which was then scheduled for October 3, 2018.

[2] As in *State v. Jones,* No. 08LW-CR000348-01 (39th Judicial Circuit, Lawrence County Court), petitioner appeared to be avoiding supervision in *State v. Jones,* No. 08N8-CR00771-01 (38th Judicial Circuit, Christian County Court). The prosecutor filed a motion to revoke petitioner's probation on February 10, 2016, and the Court issued a warrant on February 19, 2016 when petitioner failed to appear in court. The warrant remained outstanding for a year and a half prior to petitioner filing a motion to appear in court by video on October 24, 2018. The probation court issued a writ for petitioner to appear via video on November 8, 2018 at which time petitioner's probation was revoked.

be suspended. Petitioner's probation was reinstated with special conditions. *Id.* A hearing was held on a motion to revoke petitioner's probation on November 8, 2018. The Court found that it was reasonable to revoke petitioner's probation. He was remanded to serve the remainder of his sentence, concurrently, at the Missouri Department of Corrections at that time. He was also given credit for time served. *Id.* Petitioner did not appeal the imposition of his original conviction or sentence.

On January 21, 2015, petitioner was charged by complaint with possession of methamphetamine, prior and persistent offender. *State v. Jones*, No. 15LW-CR00057 (39th Judicial Circuit, Lawrence County Court). Petitioner pled guilty to the charges, and on July 6, 2015, the trial court sentenced him to five years' imprisonment, to run concurrently with his other outstanding sentences. *State v. Jones,* No. 15LW-CR00057-01 (39th Judicial Circuit, Lawrence County Court). However, the court suspended the execution of the sentence and placed petitioner on probation for five years. Petitioner did not file a direct appeal of his original conviction or sentence. *Id.*

On February 9, 2016, the trial court found that petitioner had violated the conditions of his probation and ordered that it be suspended. Apparently, petitioner absconded immediately thereafter, and he did not return to custody until approximately the Fall of 2018. After a hearing on the revocation of probation on October 3, 2018, the Court found that petitioner had violated the conditions of his probation and revoked petitioner's probation and sentenced him to five years' imprisonment, said sentence to run concurrently with petitioner's prior sentences. *State v. Jones,* No. 15LW-CR00057-01 (39th Judicial Circuit, Lawrence County Court).  Petitioner failed to appeal the imposition of the original sentence at that time.[3]

---

[3] Petitioner also serves a three-year sentence for driving while revoked in *State v. Jones*, No. 16LW-CR00048-01 (39th Judicial Circuit, Lawrence County Court) and a three-year sentence for unlawful possession of a firearm in *State v.*

On July 10, 2019, petitioner filed an application for writ of habeas corpus brought pursuant to Missouri Supreme Court Rule 91. *Jones v. Redington*, No. 19PI-CC00039 (45th Judicial Circuit, Pike County Court). The application for writ was denied on January 23, 2020. *Id.*

Petitioner filed a second application for writ of habeas corpus on October 28, 2020 in the Western District Court of Appeals. *Jones v. Redington*, No. ED109256 (Mo.Ct.App. 2020). The application for writ was denied on December 1, 2020. *Id.*

Petitioner filed the instant application for writ of habeas corpus by placing his petition in the prison mailing system at Northeast Correctional Center on March 17, 2021.

## Discussion

In the instant petition, petitioner argues that (1) his "commitment was not certified"; (2) his continued confinement is illegal because his probation expired before he was revoked due to the application of Earned Compliance Credits (ECC); (3) the Court failed to provide plaintiff the right to an evidentiary hearing, i.e., the right to sworn witnesses; (4) he amended his habeas before respondent answered; and (5) his parole officer did not file a motion for revocation prior to the expiration date.

It appears that petitioner is asserting claims against both his three original convictions, as well as his three revocations. To the extent petitioner is asserting claims relating to his original convictions in *State v. Jones*, No. 08LW-CR000348-01 (39th Judicial Circuit, Lawrence County Court), *State v. Jones*, No. 08N8-CR00771-01 (38th Judicial Circuit, Christian County Court) and *State v. Jones*, No. 15LW-CR00057-01 (39th Judicial Circuit, Lawrence County Court), these claims are time-barred.

---

*Jones*, No. 18NW-CR01796-01 (40th Judicial Circuit, Newton County Court). He does not challenge these convictions or sentences in this action.

Title 28 U.S.C. § 2244(d), imposes a one-year limitation period on the filing of § 2254 petitions in the federal courts. A petitioner generally has one year from the date the conviction became final to file a federal habeas petition. 28 U.S.C. § 2244(d)(1)(A).

Under Missouri law a suspended execution of sentence is an entry of judgment, because the sentence has been assessed and only the act of executing the sentence has been suspended. *E.g., Missouri v. Nelson*, 9 S.W.3d 687, 688 (Mo. Ct. App. 1999). The time for filing a direct appeal of the judgment expired ten days after the judgment was entered. *Id.*; Mo. Sup. Ct. R. 30.01(d). As a result, petitioner's judgment in *State v. Jones,* No. 08LW-CR000348-01 (39th Judicial Circuit, Lawrence County Court) became final on about April 23, 2009. Petitioner's judgment in *State v. Jones,* No. 08N8-CR00771-01 (38th Judicial Circuit, Christian County Court) became final on or about June 29, 2009. Petitioner's judgment in *State v. Jones,* No. 15LW-CR00057-01 (39th Judicial Circuit, Lawrence County Court) became final on or about July 16, 2015.

Because petitioner did not file an appeal within the one-year period in any of the aforementioned cases, the limitations period for filing a federal habeas petition expired one year after the date the judgment became final in each case.[4] Thus, to the extent petitioner is seeking relief as to the original conviction in each case, the petition is time-barred.

To the extent petitioner is seeking relief as to the probation revocations in Case Nos. 08LW-CR000348-01, 08N8-CR00771-01 and 15LW-CR00057-01, he is also time-barred.

Under Missouri state law, the sole avenue for relief for a person challenging a probation revocation is to file a petition for writ of habeas corpus under Missouri Supreme Court Rule 91 in

---

[4] As noted above, petitioner did not file his application for writ of habeas corpus in this Court until March 17, 2021. He filed more than ten (10) years late in Case Nos. 08LW-CR000348-01 and 08N8-CR00771-01 and more than five (5) years late in Case No. 15LW-CR00057-01.

the Circuit Court for the county of confinement. State prisoners may not directly appeal an order revoking their probation, *Winegar v. State*, 967 S.W.2d 265, 266 (Mo. Ct. App. 1998) (citation omitted), nor are such orders normally reviewable under Missouri Supreme Court Rules 29.15 or 24.035. *Teter v. State*, 893 S.W.2d 405, 405-06 (Mo. Ct. App. 1995).

Petitioner had three separate revocations in this action. In *State v. Jones*, No. 08LW-CR000348-01 (39th Judicial Circuit, Lawrence County Court) he was revoked on or about on October 3, 2018. In *State v. Jones*, No. 08N8-CR00771-01 (38th Judicial Circuit, Christian County Court) he was revoked on November 8, 2018. And in *State v. Jones*, No. 15LW-CR00057-01 (39th Judicial Circuit, Lawrence County Court) he was revoked on October 3, 2018.

In the context of § 2244(d)(l)(A), these probation revocations were final on these dates, as direct reviews were not an option. *See Davis v. Purkett*, 296 F. Supp. 2d 1027 (E.D. Mo. 2003) (concluding that the petitioner's probation revocation was "final" for purposes of § 2244(d)(l)(A) on the day the trial court entered it, in the sense that direct review was unavailable).

Accordingly, under § 2244(d)(l)(A), petitioner had no later than October 3, 2019, to file a petition for writ of habeas corpus in federal court under 28 U.S.C. § 2254 in Case Nos. 08LW-CR000348-01 and 15LW-CR00057-01. And he had no later than November 9, 2019 in Case No. 08N8-CR00771-01 to file a petition for writ of habeas corpus in federal court under 28 U.S.C. § 2254.

Petitioner did not file the instant petition until March 17, 2021. However, the federal limitations period is tolled while a "properly filed application for state postconviction or other collateral review ... is pending." 28 U.S.C. § 2244(d)(2). For an application for collateral relief to toll the one-year limitations period, it must be filed before the expiration of that period. *Curtiss v. Mount Pleasant Correctional Facility*, 338 F.3d 851, 853 (8th Cir. 2003).

As noted above, petitioner filed a Rule 91 habeas in Pike County Circuit Court on July 10, 2019. *Jones v. Redington*, No. 19PI-CC00039 (45th Judicial Circuit, Pike County Court). That application for writ was denied on January 23, 2020. *Id.*

However, between October 3, 2018 and July 10, 2019, two-hundred-eighty (280) days passed of the three-hundred-sixty-five (365) days of the statute of limitations period. Moreover, between November 8, 2018 and July 10, 2019, two-hundred-forty-four (244) days passed of the three-hundred-sixty-five (365) days of the statute of limitations period.

Additionally, even though petitioner filed a second Rule 91 habeas on October 28, 2020 in the Western District Court of Appeals. *Jones v. Redington*, No. ED109256 (Mo.Ct.App. 2020), that was denied on December 1, 2020. His second petition for writ of habeas corpus could not toll the statute of limitations because by the time he filed the second Rule 91 petition his statute of limitations had already passed.[5]

Accordingly, the petition appears to be time-barred, and the Court will order petitioner to show cause why it should not be dismissed as such. *See Day v. McDonough*, 126 S. Ct. 1675, 1684 (2006) (district court must give notice to petitioner before sua sponte dismissing petition as time-barred).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause, no later than twenty-one (21) days from the date of this Memorandum and Order, why this action should not be summarily dismissed.

---

[5] Between January 23, 2020 (the date of the denial of the Rule 91 in Pike County Court) and October 28, 2020 (the date of the filing of the Rule 91 in the Western District of Missouri), approximately two-hundred-seventy-nine (279) days of the limitation period passed. Adding the approximately two-hundred seventy-nine (279) days to either the two-hundred-eighty (280) days or two-hundred-forty-four (244) days equals more than the three-hundred-sixty-five (365) days of the limitations period.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, the Court will dismiss this action.

Dated this 27th day of May, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE