UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL G. JONES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | ) No. 2:21-CV-23 NCC |
| | ) |
| DAN REDINGTON, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's response to the Order to Show Cause why this action should not be dismissed as time-barred. Petitioner responded on July 1, 2021 that his untimely filing should be excused by the Covid-19 pandemic. After reviewing the record, the Court will dismiss this action as time-barred.

**Background**

On March 1, 2008, petitioner was charged with felony driving while intoxicated, as a chronic offender. *State v. Jones*, No. 08LW-CR000348 (39th Judicial Circuit, Lawrence County Court). Petitioner pled guilty to the charges, and on April 13, 2009, the trial court sentenced him to ten years' imprisonment. *State v. Jones,* No. 08LW-CR000348-01 (39th Judicial Circuit, Lawrence County Court). However, the court suspended the execution of the sentence and placed petitioner in a long-term treatment program for two years. Petitioner did not file a direct appeal of his original sentence or conviction. *Id.*

On January 9, 2015, the trial court found that petitioner had violated the conditions of his probation and ordered that it be suspended. After a hearing on the matter, the Court continued petitioner's probation as of July 6, 2015, subject to special conditions. On December 28, 2015, the

trial court found that petitioner had violated the conditions of his probation and ordered once again that it be suspended. After a hearing on the matter on October 3, 2018, the Court revoked petitioner's probation and sentenced him to ten years' imprisonment, said sentence to run concurrently with the sentence imposed in *State v. Jones*, No. 15LW-CR00057-01 (Lawrence County Court). *State v. Jones*, No. 08LW-CR000348-01 (39th Judicial Circuit, Lawrence County Court).[1] Petitioner failed to appeal the imposition of his original conviction at that time.

On May 9, 2008, petitioner was charged by complaint with felony driving while intoxicated, chronic offender. *State v. Jones*, No. 08N8-CR00771 (38th Judicial Circuit, Christian County Court). Petitioner pled guilty to the charges, and on June 19, 2009, the trial court sentenced him to six years' imprisonment, to run concurrently with his other outstanding sentences. *State v. Jones*, No. 08N8-CR00771-01 (38th Judicial Circuit, Christian County Court). However, the court suspended the execution of the sentence and placed petitioner in a long-term treatment program for two years. Petitioner did not file a direct appeal of his original sentence or conviction. *Id.*

On January 14, 2015, the trial court found that petitioner had violated the conditions of his probation and ordered that it be suspended. *State v. Jones,* No. 08N8-CR00771-01 (38th Judicial Circuit, Christian County Court). After a hearing on the matter, the Court continued petitioner's probation as of July 8, 2015, subject to special conditions.[2] On May 27, 2016, the trial court found

---

[1] The record indicates that the Court had difficulty scheduling a probation revocation hearing for petitioner, namely because the probation officer reported that petitioner was "avoiding supervision." A warrant was issued for petitioner's arrest in December of 2015 so that a revocation hearing could be held. The Court also suspended petitioner's probation in February of 2016. Petitioner was arrested on the warrant in September of 2018, and a public defender was assigned to petitioner. The Court provided the public defender time to prepare for the hearing, which was then scheduled for October 3, 2018.

[2] As in *State v. Jones,* No. 08LW-CR000348-01 (39th Judicial Circuit, Lawrence County Court), petitioner appeared to be avoiding supervision in *State v. Jones,* No. 08N8-CR00771-01 (38th Judicial Circuit, Christian County Court). The prosecutor filed a motion to revoke petitioner's probation on February 10, 2016, and the Court issued a warrant on February 19, 2016 when petitioner failed to appear in court. The warrant remained outstanding for a year and a half prior to petitioner filing a motion to appear in court by video on October 24, 2018. The probation court issued a writ for petitioner to appear via video on November 8, 2018 at which time petitioner's probation was revoked.

that petitioner had violated the conditions of his probation and ordered that petitioner's probation be suspended. Petitioner's probation was reinstated with special conditions. *Id.* A hearing was held on a motion to revoke petitioner's probation on November 8, 2018. The Court found that it was reasonable to revoke petitioner's probation. He was remanded to serve the remainder of his sentence, concurrently, at the Missouri Department of Corrections at that time. He was also given credit for time served. *Id.* Petitioner did not appeal the imposition of his original conviction or sentence.

On January 21, 2015, petitioner was charged by complaint with possession of methamphetamine, prior and persistent offender. *State v. Jones*, No. 15LW-CR00057 (39th Judicial Circuit, Lawrence County Court). Petitioner pled guilty to the charges, and on July 6, 2015, the trial court sentenced him to five years' imprisonment, to run concurrently with his other outstanding sentences. *State v. Jones,* No. 15LW-CR00057-01 (39th Judicial Circuit, Lawrence County Court). However, the court suspended the execution of the sentence and placed petitioner on probation for five years. Petitioner did not file a direct appeal of his original conviction or sentence. *Id.*

On February 9, 2016, the trial court found that petitioner had violated the conditions of his probation and ordered that it be suspended. Apparently, petitioner absconded immediately thereafter, and he did not return to custody until approximately the Fall of 2018. After a hearing on the revocation of probation on October 3, 2018, the Court found that petitioner had violated the conditions of his probation and revoked petitioner's probation and sentenced him to five years' imprisonment, said sentence to run concurrently with petitioner's prior sentences. *State v. Jones,*

No. 15LW-CR00057-01 (39th Judicial Circuit, Lawrence County Court). Petitioner failed to appeal the imposition of the original sentence at that time.[3]

On July 10, 2019, petitioner filed an application for writ of habeas corpus brought pursuant to Missouri Supreme Court Rule 91. *Jones v. Redington*, No. 19PI-CC00039 (45th Judicial Circuit, Pike County Court). The application for writ was denied on January 23, 2020. *Id.*

Petitioner filed a second application for writ of habeas corpus on October 28, 2020 in the Western District Court of Appeals. *Jones v. Redington*, No. ED109256 (Mo.Ct.App. 2020). The application for writ was denied on December 1, 2020. *Id.*

Petitioner filed the instant application for writ of habeas corpus by placing his petition in the prison mailing system at Northeast Correctional Center on March 17, 2021.

## Discussion

In the instant petition, petitioner argues that (1) his "commitment was not certified"; (2) his continued confinement is illegal because his probation expired before he was revoked due to the application of Earned Compliance Credits (ECC); (3) the Court failed to provide plaintiff the right to an evidentiary hearing, *i.e.*, the right to sworn witnesses; (4) he amended his habeas before respondent answered; and (5) his parole officer did not file a motion for revocation prior to the expiration date.

As noted in the Order to Show Cause issued on June 17, 2021, petitioner's application for writ relates to his three original convictions, as well as his three revocations. In the Memorandum and Order issued on June 17, 2021, the Court noted that petitioner's three original convictions in *State v. Jones,* No. 08LW-CR000348-01 (39th Judicial Circuit, Lawrence County Court), *State v.*

---

[3]Petitioner also serves a three-year sentence for driving while revoked in *State v. Jones*, No. 16LW-CR00048-01 (39th Judicial Circuit, Lawrence County Court) and a three-year sentence for unlawful possession of a firearm in *State v. Jones,* No. 18NW-CR01796-01 (40th Judicial Circuit, Newton County Court). He does not challenge these convictions or sentences in this action.

*Jones,* No. 08N8-CR00771-01 (38th Judicial Circuit, Christian County Court) and *State v. Jones,* No. 15LW-CR00057-01 (39th Judicial Circuit, Lawrence County Court), were time-barred, and petitioner does not appear to contest this fact.[4]

In his response brief petitioner appears to be asserting that he is entitled to equitable tolling with regards to his probation revocations in Case Nos. 08LW-CR000348-01, 08N8-CR00771-01 and 15LW-CR00057-01.

As set forth in the Order to Show Cause, entered on June 17, 2021, petitioner had three separate revocations: in *State v. Jones,* No. 08LW-CR000348-01 (39th Judicial Circuit, Lawrence County Court) he was revoked on or about on October 3, 2018; in *State v. Jones,* No. 08N8-CR00771-01 (38th Judicial Circuit, Christian County Court) he was revoked on November 8, 2018; and in *State v. Jones,* No. 15LW-CR00057-01 (39th Judicial Circuit, Lawrence County Court) he was revoked on October 3, 2018.

In the context of § 2244(d)(l)(A), these probation revocations were final on these dates, as direct review of these convictions was not available. *See Davis v. Purkett,* 296 F. Supp. 2d 1027 (E.D. Mo. 2003) (concluding that the petitioner's probation revocation was "final" for purposes of § 2244(d)(l)(A) on the day the trial court entered it, in the sense that direct review was unavailable).

Accordingly, under § 2244(d)(l)(A), petitioner had no later than October 3, 2019, to file a petition for writ of habeas corpus in federal court under 28 U.S.C. § 2254 in Case Nos. 08LW-

---

[4]Under Missouri law a suspended execution of sentence is an entry of judgment, because the sentence has been assessed and only the act of executing the sentence has been suspended. *E.g., Missouri v. Nelson,* 9 S.W.3d 687, 688 (Mo. Ct. App. 1999). The time for filing a direct appeal of the judgment expired ten days after the judgment was entered. *Id.*; Mo. Sup. Ct. R. 30.01(d). As a result, petitioner's judgment in *State v. Jones,* No. 08LW-CR000348-01 (39th Judicial Circuit, Lawrence County Court) became final on about April 23, 2009. Petitioner's judgment in *State v. Jones,* No. 08N8-CR00771-01 (38th Judicial Circuit, Christian County Court) became final on or about June 29, 2009. Petitioner's judgment in *State v. Jones,* No. 15LW-CR00057-01 (39th Judicial Circuit, Lawrence County Court) became final on or about July 16, 2015. [4]Petitioner did not file his application for writ of habeas corpus in this Court until March 17, 2021. He filed more than ten (10) years late in Case Nos. 08LW-CR000348-01 and 08N8-CR00771-01 and more than five (5) years late in Case No. 15LW-CR00057-01.

CR000348-01 and 15LW-CR00057-01. And he had no later than November 9, 2019 in Case No. 08N8-CR00771-01 to file a petition for writ of habeas corpus in federal court under 28 U.S.C. § 2254.

Petitioner did not file the instant petition until March 17, 2021. However, the federal limitations period is tolled while a "properly filed application for state post-conviction or other collateral review ... is pending." 28 U.S.C. § 2244(d)(2). For an application for collateral relief to toll the one-year limitations period, it must be filed before the expiration of that period. *Curtiss v. Mount Pleasant Correctional Facility*, 338 F.3d 851, 853 (8th Cir. 2003).

As noted above, petitioner filed a Rule 91 habeas in Pike County Circuit Court on July 10, 2019. *Jones v. Redington*, No. 19PI-CC00039 (45th Judicial Circuit, Pike County Court). That application for writ was denied on January 23, 2020. *Id.*

However, between October 3, 2018 and July 10, 2019, two-hundred-eighty (280) days passed of the three-hundred-sixty-five (365) days of the statute of limitations period in Case Nos. 08LW-CR000348-01 and 15LW-CR00057-01. Moreover, between November 8, 2018 and July 10, 2019, two-hundred-forty-four (244) days passed of the three-hundred-sixty-five (365) days of the statute of limitations period in Case No. 08N8-CR00771-01.

Additionally, even though petitioner filed a second Rule 91 habeas on October 28, 2020 in the Western District Court of Appeals. *Jones v. Redington*, No. ED109256 (Mo.Ct.App. 2020), the second Rule 91 was denied on December 1, 2020. His second petition for writ of habeas corpus could not toll the statute of limitations because by the time he filed the second Rule 91 petition his statute of limitations had already passed.[5]

---

[5]Between January 23, 2020 (the date of the denial of the Rule 91 in Pike County Court) and October 28, 2020 (the date of the filing of the Rule 91 in the Western District of Missouri), approximately two-hundred-seventy-nine (279) days of the limitation period passed. Adding the approximately two-hundred seventy-nine (279) days to either the

Petitioner can be understood to claim entitlement to equitable tolling, pursuant to which the one-year limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") may be tolled if a petitioner demonstrates (1) he has been diligently pursuing his rights, and (2) an extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida,* 560 U.S. 631, 649 (2010), *Muhammad v. U.S.*, 735 F.3d 812, 815 (8th Cir. 2013). The Eighth Circuit has recognized that the doctrine of equitable tolling applies to motions filed under § 2255. *U.S. v. Martin*, 408 F.3d 1089, 1092 (8th Cir. 2005).

Equitable tolling is an extraordinary remedy used only in rare circumstances, and "affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d at 803, 805 (8th Cir. 2001). Application of equitable tolling "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Id.* at 806 (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).

In the case at bar, petitioner makes no effort to demonstrate that he has been diligently pursuing his rights. He does not claim to have taken any action to pursue his rights prior to initiating this case, nor does he explain when he learned of the facts giving rise to his claims or attempt to show he could not have discovered such facts through reasonable diligence within the one-year limitations period. Because petitioner cannot demonstrate he was diligently pursuing his rights, he cannot demonstrate entitlement to equitable tolling. *See Holland,* 560 U.S. at 649 and *Muhammad*, 735 F.3d at 815.

Petitioner contends that the COVID-19 pandemic prevented him from fully presenting his claims until he placed his brief in the prison mailing system on March 17, 2021. In his response brief, he states that most of the prison was in lockdown during the pandemic, including his house

---

two-hundred-eighty (280) days or two-hundred-forty-four (244) days equals more than the three-hundred-sixty-five (365) days of the limitations period.

and the house where his ADA assistant lived.[6] Petitioner asserts that he has not had access to the law library in order to research or prepare a timely § 2254 application for writ.

But the pandemic did not manifest in this country until mid-March to early April, 2020. Movant does not explain why he was unable to research and present his claims sometime between the time his Rule 91 petition for writ was denied on January 23, 2020 and his purported lock down in early April of 2020 for the pandemic. He has not established that he was pursuing his rights diligently and that equitable tolling is warranted.

Courts have concluded that the COVID-19 pandemic "could—in certain circumstances—conceivably warrant equitable tolling" for § 2254 motions. *United States v. Haro*, No. 8:18CR66, 2020 WL 5653520, at *4 (D. Neb. Sept. 23, 2020). These "certain circumstances" involve defendants who had been pursuing their rights diligently and would have timely filed if not for external obstacles caused by COVID-19. The District of Nevada, for example, granted a defendant's COVID-19-based request for equitable tolling because the pandemic had, among other things, halted ongoing investigations and prevented counsel from obtaining necessary court records. *See Dunn v. Baca*, No. 3:19-CV-702 MMD-WGC, 2020 WL 2525772, at *2 (D. Nev. May 18, 2020). But the court in that case had "little to no doubt that [the defendant and his counsel were] pursuing [the defendant's] rights diligently." *Id.*; *see also Cowan v. Davis*, No. 1:19-CV-00745-DAD, 2020 WL 4698968 (E.D. Cal. Aug. 13, 2020).

In several cases, § 2254 petitioners have sought equitable tolling due to prison lockdowns and the closure of prison law libraries as a result of COVID-19. In those cases, "prisoners are not

---

[6]Petitioner states that he suffers from macular degeneration and he was assigned an ADA assistant to help him research in the law library and to assist with writing. However, petitioner indicates that he wrote his petition and his reply brief on his own without the use of his assistant. Additionally, petitioner indicates that although he was first sent to the eye clinic for cataract surgery at the end of 2019, he did not have the surgery because it was then he was diagnosed with macular degeneration and provided with shots every sixty (60) days instead in order to save what was left of his eyesight. Petitioner claims he also suffers from several other serious health conditions.

entitled to equitable tolling if there is no evidence that they diligently pursued their right to file a habeas corpus application prior to the lockdown. *United States v. Lionel Thomas*, No. CR 18-135, 2020 WL 7229705, at *2 (E.D. La. Dec. 8, 2020); *see also United States v. Barnes*, No. 18-CR-0154-CVE, 2020 WL 4550389, at *2 (N.D. Okla. Aug. 6, 2020) (assuming a COVID-19-related lockdown "delayed defendant's ability to file his motion," but concluding equitable tolling was unwarranted because the defendant did not demonstrate he diligently pursued his claims).

The bottom line is that the COVID-19 pandemic does not automatically warrant equitable tolling for any petitioner who seeks it on that basis. The petitioner must establish that he was pursuing his rights diligently and that the COVID-19 pandemic specifically prevented him from filing his motion. *See Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005); *United States v. Henry*, No. 2:17-CR-180, 2020 WL 7332657 (W.D. Pa. Dec. 14, 2020).

Here, "in light of the particular circumstances" of this case, there is no basis for equitable tolling. Petitioner has not established that he was pursuing his rights diligently, or that the COVID-19 pandemic blocked him from doing so.

Because petitioner fails to establish that he diligently pursued his rights and fails to establish that an extraordinary circumstance prevented him from timely filing his petition for writ of habeas corpus, the Court concludes that there is no basis to invoke equitable tolling. As a result, petitioner's application for relief is time-barred and subject to dismissal.

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v.*

*Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Movant herein has made no such showing, and the Court will therefore not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 brought pursuant to is **DENIED AND DISMISSED AS TIME-BARRED.**

**IT IS FURTHER ORDERED** that petitioner's request for appointment of counsel [ECF #8] is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 19th day of July, 2021.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE